**JOHN L. BURRIS, Esq. SBN 69888**
**ADANTÉ D. POINTER, Esq. SBN 236229**
**MELISSA C. NOLD, Esq. SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
adante.pointer@johnburrislaw.com
melissa.nold@johnburrislaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MANN SR., Successor-in-Interest to Decedent JOSEPH MANN; ROBERT MANN, individually; DEBORAH MANN, individually; VERNADINE MURPHY MANN, individually; WILLIAM MANN JR, individually,<br><br>Plaintiffs,<br>v.<br><br>CITY OF SACRAMENTO, a municipal corporation; and DOES 1-50, inclusive, individually and in their official capacity as police officers for the City of Sacramento,<br><br>Defendants. | CASE NO.:<br><br><br>COMPLAINT FOR WRONGFUL DEATH AND VIOLATION OF CIVIL RIGHTS AND DAMAGES<br><br>JURY TRIAL DEMANDED |

### INTRODUCTION

1. This case arises out of the July 11, 2016 wrongful shooting death of fifty-one-year-old Joseph Mann by City of Sacramento Police Officers. Police Officers responded to the area of Del Paso Boulevard in the City of Sacramento to investigate a report of a man with a gun. Once on scene, the yet to be identified Officers saw Mr. Mann who did not have a gun, but was displaying obvious signs of mental distress.

2. Nevertheless, the Officers confronted and aggressively pursued him down the Boulevard with their guns drawn while barking commands at him from the safety of their patrol

vehicles. Inexplicably, the Officers failed to contact any properly trained mental health counselors or make any attempt to use less than lethal force and ignored the established police protocols to make attempts to de-escalate the situation. Instead, Officers left their positons of safety, cornered Mr. Mann against a (fence/wall) and opened fire on him. The Officers left Mr. Mann's body riddled with at least sixteen (16) gunshot wounds from heel to chest. He ultimately died as a result of the Officers' unwarranted and excessive force leaving behind a grieving father and four brothers and sisters.

## JURISDICTION

3. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of The United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Sacramento, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

## PARTIES

4. Decedent, JOSEPH MANN, an African-American man, was shot and killed by yet-to-be-identified City of Sacramento Police Officers. Decedent MANN died intestate. Decedent MANN did not file any legal actions prior to his death. To the extent that this action seeks to recover damages for the violation of rights personal to JOSEPH MANN, this action is maintained by his Successor-in-Interest WILLIAM MANN SR. Said Plaintiff is the person with standing to bring this action as Decedent JOSEPH MANN was unmarried at the time of his death and did not have any surviving children. JOSEPH MANN's biological mother predeceased him.

5. At all times mentioned herein, Plaintiff WILLIAM MANN SR. (hereinafter "PLAINTIFF MANN SR."), has been and is a resident of Sacramento, California. PLAINTIFF MANN SR. is the biological father of Decedent JOSEPH MANN. WILLIAM MANN SR. is acting in his individual capacity and as Successor-in-Interest to Decedent JOSEPH MANN.

6. At all times mentioned herein, Plaintiff ROBERT MANN (hereinafter "PLAINTIFF ROBERT MANN"), has been and is a resident of Sacramento, California. PLAINTIFF ROBERT MANN is acting in his individual capacity as the biological brother of Decedent JOSEPH MANN.

7. At all times mentioned herein, Plaintiff DEBORAH MANN (hereinafter "PLAINTIFF DEBORAH MANN"), has been and is a resident of Sacramento, California. PLAINTIFF DEBORAH MANN is acting in her individual capacity as the biological sister of Decedent JOSEPH MANN.

8. At all times mentioned herein, Plaintiff VERNADINE MURPHY MANN, (hereinafter "PLAINTIFF VERNADINE MURPHY MANN"), has been and is a resident of Sacramento, California. PLAINTIFF VERNADINE MANN is acting in her individual capacity as the biological sister of Decedent JOSEPH MANN.

9. At all times mentioned herein, Plaintiff WILLIAM MANN JR. (hereinafter "PLAINTIFF WILLIAM MANN JR."), has been and is a resident of Sacramento, California. PLAINTIFF WILLIAM MANN JR. is acting in his individual capacity as the biological brother of Decedent JOSEPH MANN.

10. At all times mentioned herein, Defendant CITY OF SACRAMENTO (hereinafter "CITY") is a municipal corporation, existing under the laws of the State of California. The City of Sacramento Police Department operates under the supervision of the CITY OF SACRAMENTO.

11. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or use of excessive force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend their complaint subject to further discovery.

12. In engaging in the conduct alleged herein, Defendant police officers acted under the color of law and in the course and scope of their employment with City of Sacramento Police Department. In engaging in the conduct described herein, Defendant police officers exceeded the

authority vested in them as police officers under the United States and California Constitutions, and as employees of the City of Sacramento Police Department.

## STATEMENT OF FACTS

13. On July 11, 2016, at approximately 9:30 a.m., Decedent Joseph Mann was wandering around the Del Paso Boulevard area of Sacramento, when a yet-to-be-identified person called 911 and reported a man carrying a gun. It is unclear whether or not the 911 caller was falsely reporting that Decedent Mann had a gun or if the Officers failed to locate the gun wielding man, after focusing their attention on Decedent Mann.

14. Several Yet-to-be-identified City of Sacramento Police Officers were dispatched to the area and contacted Decedent Mann. **Decedent Mann did not have a gun**. However, he was displaying overt signs of being in the midst of mental crisis. For example, he was doing karate moves and zigzagging back and forth across the street as he tried to walk away from the Officers.

15. The Officers violated their training and established police protocol to maximize time and space in incidents such as these. Inexplicably, the Officers failed to contact any mental health counselors, make an attempt to use less than lethal force or deescalate the situation. Instead, they abandoned their positions of safety behind their patrol vehicles and rushed toward Decedent Mann provoking a close range confrontation. By engaging in such poor tactics, the Officers' effectively squandered the time and distance they had been trained to maintain in order to bring situations like this to a conclusion without having to resort to deadly force.

16. Tragically, The Officers shot Decedent Mann at least sixteen (16) times, tattooing him from heel to chest with gunshot wounds as he feebly attempted to leave the scene. Decedent Joseph Mann died as a result of the Officers' poor tactics and unwarranted use of excessive force.

17. Plaintiffs are informed and believe and thereon allege the City of Sacramento, and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline DOES 1-25 inclusive, for their respective misconduct and involvement in the incident described herein. Their failure to discipline Defendant Does 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate

indifference, the use of excessive and/or deadly force and the fabrication of official reports to cover up Defendant Does 1-25 inclusive's, misconduct.

18. Plaintiffs are informed, believe and thereon allege that members of the Sacramento Police Department, including, but not limited to Defendant Officers and DOES 1-25 inclusive and/or each of them, have individually and/or while acting in concert with one another used excessive, arbitrary and/or unreasonable force against decedent, Joseph Mann.

19. Plaintiffs are further informed, believe and therein allege that as a matter of official policy –rooted in an entrenched posture of deliberate indifference to the constitutional rights of persons who live, work or visit the City of Sacramento, the Sacramento Police Department has allowed persons to be abused by its Police Officers including DOES 1-25 and/or each of them, individually and/or while acting in concert with one another.

20. Plaintiffs are informed, believe and therein allege that City of Sacramento Police Officers exhibit a pattern and practice of using excessive and/or deadly force against citizens.

21. Plaintiffs are informed, believe and therein allege that City of Sacramento knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

22. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs are informed, believe, and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## DAMAGES

23. As a consequence of Defendants' violation of Decedent's federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiffs were mentally and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but

not limited to: All Plaintiffs' loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support.

24. Plaintiffs seek both survival and wrongful death damages, pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b), for the violation of both Decedent's and their rights. Additionally, Plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61 and loss of financial support.

25. Plaintiff WILLIAM MANN SR. is further entitled to recover damages incurred by Decedent Mann before he died as a result of being shot to death, without due process of his right to life, and to any penalties or punitive damages to which Decedent would have been entitled to recover had he lived, including damages incurred by Decedent, consisting of any and all conscious pain and suffering he endured, during the time he struggled for his life, as a result of the violation of his civil rights.

26. Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiffs' rights under the law. Plaintiffs are therefore entitled to an award of attorney's fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. § 1983, 1985-86 and 1988.

### FIRST CAUSE OF ACTION

### Violation of Fourth Amendment of the United States Constitution

### (42 U.S.C. §1983)

(Plaintiff WILLIAM MANN SR., Successor-in-Interest to Decedent MANN Against DOES 1-25)

27. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26 of this Complaint as though fully set forth.

28. Defendants DOES 1-25's above-described conduct violated Decedent's right, as provided for under the Fourth Amendment to the United States Constitution, to be free from excessive and/or arbitrary and/or unreasonable use of deadly force against him.

29. DECEDENT MANN was forced to endure great conscious pain and suffering

because of the Defendants' conduct before his death;

30. DECEDENT MANN did not file a legal action before his death;

31. Plaintiffs WILLIAM MANN SR., Successor-in-Interest of DECEDENT MANN brings claims for damages for the conscious pain and suffering incurred by DECEDENT MANN, as provided for under 42 U.S.C. §1983.

32. Defendants DOES 1-25 acted under color of law by killing Decedent MANN without lawful justification and subjecting Decedent to excessive force thereby depriving the Decedent of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(Violations of Plaintiffs' Fourteenth Amendment Rights to Familial Relationship)**

**(42 U.S.C. § 1983)**

(Plaintiffs WILLIAM MANN SR., Successor-in-Interest to Decedent MANN; ROBERT MANN; DEBORAH MANN; VERNADINE MURPHY MANN; and WILLIAM MANN JR. Against DOES 1-25)

33. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 32 of this Complaint as though fully set forth.

34. Defendants, acting under color of state law, and without due process of law, deprived Plaintiffs of their right to a familial relationship by seizing Decedent and by use of unreasonable, unjustified and deadly force and violence, causing injuries which resulted in Decedent's death, all without provocation and did attempt to conceal their extraordinary use of force and hide the true cause of Decedent's demise in order to deprive Plaintiffs of their right to seek redress in violation of their rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

### (Monell – 42 U.S.C. section 1983)

(Plaintiffs WILLIAM MANN SR.; ROBERT MANN; DEBORAH MANN; VERNADINE MURPHY MANN; and WILLIAM MANN JR. Against CITY OF SACRAMENTO and DOES 26-50)

35. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 34 of this Complaint.

36. Plaintiffs are informed and believe and thereon allege that high-ranking City of Sacramento officials, including high-ranking police supervisors and DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about the repeated acts of unconstitutional use of force by Sacramento Police Officers.

37. Despite having such notice, Plaintiffs are informed and believe and thereon allege that City of Sacramento and DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by the Sacramento Police Department, which brought about Defendant DOES 1-25 unlawfully shooting DECEDENT MANN to death.

38. Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant DOES 1-25 and/or each of them, Defendants City of Sacramento and/or DOES 26-50 ratified and encouraged these officers to continue their course of misconduct.

39. Plaintiffs further allege that Defendants City of Sacramento and DOES 26-50 and/or each of them, were on notice of the Constitutional defects in their training of Sacramento police officers, including, but not limited to: unlawfully using excessive force to make detentions and/or arrests.

40. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City of Sacramento officials, including high ranking Sacramento Police Department supervisors, DOES 26-50, and/or each of them resulted in the deprivation of Plaintiffs' and Decedent's constitutional rights including, but not limited to: the right to

not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution; and the right to be free from excessive force by police officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

41. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum to be determined according to proof;
2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;
3. For punitive and exemplary damages against Defendants officers in amounts to be determined according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;
5. For any and all statutory damages allowed by law;
6. For cost of suit herein incurred; and
7. For such other and further relief as the Court deems just and proper.

**LAW OFFICE OF JOHN L. BURRIS**

Dated: August 4, 2016                    /s/ *John L. Burris*
                                         **John L. Burris**
                                         Attorneys for Plaintiffs
                                         WILLIAM MANN, SR., et al.