**JOHN L. BURRIS, Esq. SBN 69888**
**ADANTÉ D. POINTER, Esq. SBN 236229**
**MELISSA C. NOLD, Esq. SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile:   (510) 839-3882
john.burris@johnburrislaw.com
adante.pointer@johnburrislaw.com
melissa.nold@johnburrislaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MANN SR., an individual; and ROBERT MANN, DEBORAH MANN, and VERNADINE MURPHY MANN, as Co-Administrators to the Estate of JOSEPH MANN,<br><br>              Plaintiffs,<br>     v.<br><br>CITY OF SACRAMENTO, a municipal corporation; JOHN TENNIS, in his individual and official capacity as Police Officer for the CITY OF SACRAMENTO; RANDY LOZOYA, in his individual and official capacity as Police Officer for the CITY OF SACRAMENTO; and DOES 1-50, inclusive, individually and in their official capacity as police officers for the City of Sacramento,<br><br>              Defendants. | CASE NO.:  2:16-cv-01847-WBS-DB<br><br>SECOND AMENDED COMPLAINT<br><br>JURY TRIAL DEMANDED |

### **INTRODUCTION**

1.      This case arises out of the July 11, 2016 wrongful shooting death of fifty-one-year-old Joseph Mann by City of Sacramento Police Officers John Tennis and Randy Lozoya.  Officers Tennis, Lozoya and other yet-to-be-identified officers responded to the area of Del Paso Boulevard in the City of Sacramento to investigate a report of a man with a gun.  Once on

scene, Officers saw Mr. Mann, who did not have a gun, but was displaying obvious signs of mental distress.

2. Nevertheless, the Officers confronted and aggressively hunted Mr. Mann down the Boulevard, while barking commands at him from the safety of their patrol vehicles.  Inexplicably, the Officers failed to contact any properly trained mental health counselors or make any attempt to use less than lethal force and ignored the established police protocols to make attempts to de-escalate the situation.  Instead, police dispatch recordings of the incident captured Defendant Officers Lozoya and Tennis plotting their murderous intent to run Mr. Mann over with their patrol cars.  The Officers tried but failed to hit Mr. Mann as he crossed Del Paso Boulevard.  Apparently frustrated and in furtherance of their premeditated intent to harm Mr. Mann, Officers Tennis and Lozoya left their positons of safety, ran up toward and opened fire on him.  Officers Tennis and Lozoya left Mr. Mann's body riddled with at least sixteen (16) gunshot wounds from heel to chest.  He ultimately died as a result of the Officers' unwarranted and excessive force leaving behind a grieving father and four brothers and sisters.

## JURISDICTION

3. This action arises under Title 42 of the United States Code, Section 1983.  Title 28 of The United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in Sacramento, California, which is within this judicial district.  Title 28 United States Code Section 1391(b) confers venue upon this Court.

## PARTIES

4. Decedent, JOSEPH MANN, an African-American man, was shot and killed by City of Sacramento Police Officers John Tennis and Randy Lozoya.  Decedent MANN died intestate. Decedent MANN did not file any legal actions prior to his death. To the extent that this action seeks to recover damages for the violation of rights personal to JOSEPH MANN, this action is maintained by ROBERT MANN, VERNADINE MANN and DEBORAH MANN, in their official capacity as Co-Administrators to the Estate of Joseph Mann. Documents to initiate Probate and appoint administrators was filed on September 28, 2016, with the permission of the Mr. Mann's only natural heir, WILLIAM MANN SR., and the matter will be heard on December 20, 2016. Said

Administrators are the persons with standing to bring this action as Decedent JOSEPH MANN was unmarried at the time of his death and did not have any surviving children. JOSEPH MANN's biological mother predeceased him. JOSEPH MANN's biological father WILLIAM MANN SR. is elderly and unable to act in the capacity of Administrator.

5. At all times mentioned herein, Plaintiff WILLIAM MANN SR. (hereinafter "PLAINTIFF MANN SR."), has been and is a resident of Sacramento, California. PLAINTIFF MANN SR. is the biological father of Decedent JOSEPH MANN. WILLIAM MANN SR. is acting in his individual capacity and as biological father of JOSEPH MANN.

6. At all times mentioned herein, Plaintiff ROBERT MANN; DEBORAH MANN and VERNADINE MANN are natural persons, acting in their official capacity as the Co-Administrators to the Estate of JOSEPH MANN.

7. At all times mentioned herein, Plaintiff WILLIAM MANN SR. (hereinafter "PLAINTIFF WILLIAM MANN SR."), has been and is a resident of Sacramento, California. PLAINTIFF WILLIAM MANN SR. is acting in his individual capacity as the biological father of Decedent JOSEPH MANN.

8. At all times mentioned herein, Defendant CITY OF SACRAMENTO (hereinafter "CITY") is a municipal corporation, existing under the laws of the State of California. The City of Sacramento Police Department operates under the supervision of the CITY OF SACRAMENTO.

9. At all times mentioned herein, Defendant RANDY LOZOYA (hereinafter "LOZOYA") is a natural person. He is being sued in his individual and official capacity as Police Officer for the City of Sacramento.

10. At all times mentioned herein, Defendant JOHN TENNIS (hereinafter "TENNIS") is a natural person. He is being sued in his individual and official capacity as Police Officer for the City of Sacramento.

11. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation

of public policy and/or use of excessive force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend their complaint subject to further discovery.

12. In engaging in the conduct alleged herein, Defendant police officers acted under the color of law and in the course and scope of their employment with City of Sacramento Police Department. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions, and as employees of the City of Sacramento Police Department.

## STATEMENT OF FACTS

13. On July 11, 2016, at approximately 9:30 a.m., Decedent Joseph Mann was wandering around the Del Paso Boulevard area of Sacramento, when a yet-to-be-identified person called 911 and reported a man carrying a gun. It is unclear whether or not the 911 caller was falsely reporting that Decedent Mann had a gun or if the Officers failed to locate the gun wielding man, after focusing their attention on Decedent Mann.

14. City of Sacramento Police Officers John Tennis, Randy Lozoya and other yet-to-be-identified officers were dispatched to the area and contacted Decedent Mann. **Decedent Mann did not have a gun**. However, he was displaying overt signs of being in the midst of a mental health crisis. For example, Decedent Mann was doing karate moves and zigzagging back and forth across the street as he tried to walk away from the Officers.

15. Plaintiffs allege that all police officers in the State of California are required to demonstrate proficiency in responding to, and when feasible, defusing, events involving mentally impaired subjects who may act out in order to cause police to use force against them. All police officers in the State of California are required to be Peace Officer Standards and Training (P.O.S.T.) certified. P.O.S.T. training for dealing with mentally ill individuals is mandatory and covered in P.O.S.T. learning domain 37, which includes the following standards:

**Calm the situation**, by using the following tactics:

- Request backup.
- Move slowly.
- When possible, eliminate emergency lights and sirens and disperse any crowd that may have gathered.
- Assume a quiet nonthreatening manner when approaching and conversing with the individual.
- If possible, avoid physical contact if no violence or destructive acts have taken place.
- If possible, explain intended actions before taking action.
- Take time to assess the situation.
- Provide reassurance that officers are there to help.
- Give the person time to calm down.

**Communicate with the person:**

- Keep sentences short.
- Talk with the individual in an attempt to determine what is bothering that person.
- Acknowledge the person's feelings.
- Ask if the person is hearing voices and, if so, what they are saying.
- Avoid topics that may agitate the person.
- Allow time for the person to consider questions and be prepared to repeat them.

Additionally, POST trains police officers to "**not threaten the individual with arrest or in any other manner**," explaining that "**threats may create additional fright, stress, or potential aggression.**"

    16. The foregoing training requirements were established as a result of California state legislation that became effective as of July 1, 2006, many years before the subject-incident occurred. Plaintiffs alleges that such training is standard nationwide. Plaintiffs allege the defendants in this case violated these training standards.

    17. As Officers Tennis and Lozoya rode in their patrol cars aggressively hunting Mr. Mann down like a wild animal, police dispatch audio recordings captured the two Officers discussing their intent to try to hit Mr. Mann with their patrol cars.  Shockingly, none of the other Officers who were present or who overheard the Officer Tennis and Lozoya's conversation advised them to stand

down and/or abandon the felonious and potentially murderous plot.

18. Officers Tennis, Lozoya and other yet-to-be-identified officers violated their training and established police protocol to maximize time and space in incidents such as these. Inexplicably, the Officers failed to contact any mental health counselors, make an attempt to use less than lethal force or deescalate the situation. Apparently frustrated by their inability to run Mr. Man over with their patrol vehciles, they abandoned their positions of safety behind the vehicles and ran straight toward Decedent Mann, provoking an unnecessary close range confrontation and immediately opened fire approximately 27 feet away from Mr. Mann. By engaging in such poor tactics, the Officers' effectively squandered the time, opportunity and distance they are trained to maintain in order to bring situations like this to a conclusion without having to resort to deadly force.

19. Tragically, Officers Tennis and Lozoya shot Decedent Mann at least sixteen (16) times, tattooing him from heel to chest with gunshot wounds as he feebly attempted to leave the scene. Decedent Joseph Mann died as a result of the Officers' poor tactics and unwarranted use of excessive force.

20. Plaintiffs are informed and believe and thereon allege the City of Sacramento, and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendants TENNIS, LOZOYA and/or DOES 1-25 inclusive, for their respective misconduct and involvement in the incident described herein. Their failure to discipline Defendants TENNIS, LOZOYA and/or DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference, the use of excessive and/or deadly force and the fabrication of official reports to cover up Defendant TENNIS, LOZOYA, and/or DOES 1-25 inclusive's, misconduct.

21. Plaintiffs are informed, believe and thereon allege that members of the Sacramento Police Department, including, but not limited to Defendant TENNIS, LOZOYA and/or DOES 1-25 inclusive and/or each of them, have individually and/or while acting in concert with one another used excessive, arbitrary and/or unreasonable force against decedent, Joseph Mann.

22. Plaintiffs are further informed, believe and therein allege that as a matter of

official policy, rooted in an entrenched posture of deliberate indifference to the constitutional rights of persons who live, work or visit the City of Sacramento, the Sacramento Police Department has allowed persons to be abused by its Police Officers including Defendants TENNIS, LOZOYA, and/or DOES 1-25 and/or each of them, individually and/or while acting in concert with one another.

23. Plaintiffs are informed, believe and therein allege that City of Sacramento Police Officers exhibit a pattern and practice of using excessive and/or deadly force against citizens.

24. Plaintiffs are informed, believe and therein allege that City of Sacramento knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

25. Plaintiffs are informed, believe and therein allege that the City of Sacramento Police Department officials and DOES 26-50 had actual notice prior to the shooting death of Decedent Mann that Defendant John Tennis was suffering from long-term alcohol addiction, and was experiencing severe and debilitating personal problems, which raised significant questions about his ongoing fitness for duty. For example, in his 2011 divorce proceeding, the former Mrs. Tennis accused Defendant TENNIS of domestic violence and child abuse. In fact, Defendant TENNIS was investigated by Child Protective Services multiple times, after being accused of abusing his children. In support of Mrs. Tennis' abuse accusations, the El Dorado County Superior Court issued a Restraining Order against Defendant TENNIS, preventing him from contacting his former wife. As a result of the Restraining Order, Defendant TENNIS was prohibited from possessing a gun. Defendant TENNIS pled with the court, requesting an exception, which would permit him to carry a gun for employment. Defendant TENNIS' request was granted and he was allowed to continue performing his duties as a Sacramento Police Officer. Court records indicate that the City of Sacramento was on notice about the Restraining Order, however, he continued to patrol the streets and carry a gun with their blessing. Further, in 2014, Defendant TENNIS was the subject of an Internal Affairs investigation related to his alcohol abuse and dereliction of duty. In a compromise, Defendant TENNIS entered into a settlement agreement with the City of Sacramento, wherein he would admit to his policy violations and pledged to participate in an Educational Based Discipline (EBD) plan, in

lieu of a suspension. In documents presented to the court, Defendant TENNIS admits to suffering from a long-term abuse of alcohol, which interfered with his ability to perform his duties. Plaintiffs are informed, believe and thereon allege that Defendant TENNIS was subsequently checked into a residential alcohol addiction treatment facility, to address his addiction to alcohol. Even after being aware of Defendant TENNIS' ongoing personal problems and addiction, the CITY OF SACRAMENTO continued to employ Defendant TENNIS in the stressful capacity of an armed patrol officer, making life or death decisions. In addition to the disturbing events in Defendant TENNIS' personal life, Plaintiffs are informed, believe and thereon allege that Defendant TENNIS was also responsible for killing a car theft suspect named Albert Theil, in 1997. Defendant TENNIS killed Mr. Thiel with his bare hands, in a matter that settled out of court prior to litigation. Foreseeably, on July 11, 2016, when Defendant TENNIS was placed in a stressful life or death situation he acted in a manner consistent with his well-documented history of being violent, aggressive and impulsive.

26. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs are informed, believe, and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## DAMAGES

27. As a consequence of Defendants' violation of Decedent's federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiffs were mentally and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to: All Plaintiffs' loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support.

28. Plaintiffs seek both survival and wrongful death damages, pursuant to C.C.P. Sections 377.60

and 377.61 and Probate Code Section 6402(b), for the violation of both Decedent's and their rights. Additionally, Plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61 and loss of financial support.

29. Plaintiff are further entitled to recover damages incurred by Decedent Mann before he died as a result of being shot to death, without due process of his right to life, and to any penalties or punitive damages to which Decedent would have been entitled to recover had he lived, including damages incurred by Decedent, consisting of any and all conscious pain and suffering he endured, during the time he struggled for his life, as a result of the violation of his civil rights.

30. Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiffs' rights under the law. Plaintiffs are therefore entitled to an award of attorney's fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. § 1983, 1985-86 and 1988.

## FIRST CAUSE OF ACTION

## Violation of Fourth Amendment of the United States Constitution

## (42 U.S.C. §1983)

(Plaintiffs ROBERT MANN, DEBORAH MANN, and VERNADINE MURPHY MANN, as Co-Administrators of the Estate of JOSEPH MANN Against TENNIS, LOZOYA and DOES 1-25)

31. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 30 of this Complaint as though fully set forth.

32. Defendants TENNIS, LOZOYA, and/or DOES 1-25's above-described conduct violated Decedent's right, as provided for under the Fourth Amendment to the United States Constitution, to be free from excessive and/or arbitrary and/or unreasonable use of deadly force against him.

33. DECEDENT MANN was forced to endure great conscious pain and suffering because of the Defendants' conduct before his death;

34. DECEDENT MANN did not file a legal action before his death;

35. Plaintiffs brings claims for damages for the conscious pain and suffering incurred by DECEDENT MANN, as provided for under 42 U.S.C. §1983.

36. Defendants TENNIS, LOZOYA and/or DOES 1-25 acted under color of law by killing Decedent MANN without lawful justification and subjecting Decedent to excessive force thereby depriving the Decedent of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(Violations of Plaintiffs' Fourteenth Amendment Rights to Familial Relationship)**

**(42 U.S.C. § 1983)**

**(WILLIAMS MANN SR Against TENNIS, LOZOYA and/or DOES 1-25)**

37. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 36 of this Complaint as though fully set forth.

38. Defendants TENNIS, LOZOYA and/or DOES 1-25, acting under color of state law, and without due process of law, deprived Plaintiffs of their right to a familial relationship by seizing Decedent and by the use of unreasonable, unjustified deadly force and violence, causing injuries which resulted in Decedent's death, all without provocation and did attempt to conceal their extraordinary use of force and hide the true cause of Decedent's demise in order to deprive Plaintiffs of their right to seek redress in violation of their rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

**(Monell – 42 U.S.C. section 1983)**

**(Plaintiffs ROBERT MANN, DEBORAH MANN, and VERNADINE MURPHY MANN, as Co-Administrators of the Estate of JOSEPH MANN Against CITY OF SACRAMENTO and DOES 26-50)**

39. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 38 of this Complaint.

40. Plaintiffs are informed and believe and thereon allege that high-ranking City of Sacramento officials, including high-ranking police supervisors and DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about the repeated acts of unconstitutional use of force by Sacramento Police Officers as well as Defendant TENNIS' pattern and practice of behaving in a manner unbecoming of an officer by engaging in confrontations, being violent, alcoholic and undisciplined.

41. Despite having such notice, Plaintiffs are informed and believe and thereon allege that City of Sacramento and DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by the Sacramento Police Department, which brought about Defendants TENNIS, LOZOYA and/or DOES 1-25 unlawfully shooting DECEDENT MANN to death.

42. Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants TENNIS, LOZOYA, and/or DOES 1-25 and/or each of them, Defendants City of Sacramento and/or DOES 26-50 ratified and encouraged these officers to continue their course of misconduct.

43. Plaintiffs further allege that Defendants City of Sacramento and DOES 26-50 and/or each of them, were on notice of the Constitutional defects in their training of Sacramento police officers, including, but not limited to: unlawfully using excessive force to make detentions and/or arrests.

44. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City of Sacramento officials, including high ranking Sacramento Police Department supervisors, DOES 26-50, and/or each of them resulted in the deprivation of Plaintiffs' and Decedent's constitutional rights including, but not limited to: the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution; and the right to be free

from excessive force by police officers, as guaranteed by the Fourth Amendment to the United States Constitution.

      WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

**(Violation of Plaintiffs' State Statutory Rights)**

**(Violation of California Civil Code § 52.1)**

(Plaintiffs ROBERT MANN, DEBORAH MANN, and VERNADINE MURPHY MANN, as Co-Administrators of the Estate of JOSEPH MANN Against TENNIS, LOZOYA and/or DOES 1-25)

45. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 44 of this Complaint as though fully set forth.

46. Defendant TENNIS, LOZOYA and DOES 1-25 above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the DECEDENT MANN's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code § 52.1.

47. Under the provisions of California Civil Code § 52(b), Defendants are liable for punitive damages for each violation of California Civil Code § 52.1, reasonable attorney's fees and an additional $25,0000.

48. As a proximate result of Defendants' wrongful conduct, Plaintiffs suffered as hereinafter set forth below.

49. Plaintiffs contend that the City of Sacramento is liable for all state law causes of actions, under the theory of Respondeat Superior, wherein damages occurred while City of Sacramento employees were engaged in the performance of their job duties.

      WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Negligence)

(Plaintiffs ROBERT MANN, DEBORAH MANN, and VERNADINE MURPHY MANN, as Co-Administrators of the Estate of JOSEPH MANN Against TENNIS, LOZOYA and/or DOES 1-25)

50. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 49 of this Complaint as though fully set forth, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

51. Defendants and DOES 1-25 inclusive, by and through their respective agents and employees, caused DECEDENT MANN'S death and Plaintiffs' injuries, as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

52. As an actual and proximate result of said defendants' negligence, Plaintiffs sustained pecuniary loss and pain and suffering, in an amount according to proof at trial.

53. Plaintiffs contend that the City of Sacramento is liable for all state law causes of actions, under the theory of Respondeat Superior, wherein damages occurred while City of Sacramento employees were engaged in the performance of their job duties.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (Assault)

(Plaintiffs ROBERT MANN, DEBORAH MANN, and VERNADINE MURPHY MANN, as Co-Administrators of the Estate of JOSEPH MANN Against TENNIS, LOZOYA and/or DOES 1-25)

54. Plaintiffs re-allege and incorporates by reference paragraphs 1 through 53 of this Complaint as though fully set forth.

55. Defendants' above-described conduct constituted assault.

56. Plaintiffs contend that the City of Sacramento is liable for all state law causes of actions, under the theory of Respondeat Superior, wherein damages occurred while City of Sacramento

employees were engaged in the performance of their job duties.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (Battery)

(Plaintiffs ROBERT MANN, DEBORAH MANN, and VERNADINE MURPHY MANN, as Co-Administrators of the Estate of JOSEPH MANN Against TENNIS, LOZOYA and/or DOES 1-25)

57. Plaintiffs re-allege and incorporates by reference paragraphs 1 through 56 of this Complaint as though fully set forth.

58. Defendants' above-described conduct constituted battery.

59. Plaintiffs contend that the City of Sacramento is liable for all state law causes of actions, under the theory of Respondeat Superior, wherein damages occurred while City of Sacramento employees were engaged in the performance of their job duties.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

60. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum to be determined according to proof;
2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;
3. For punitive and exemplary damages against Defendants TENNIS, LOZOYA and/or DOES 1-25, in amounts to be determined according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;
5. For any and all statutory damages allowed by law;

6. For cost of suit herein incurred; and
7. For such other and further relief as the Court deems just and proper.

**LAW OFFICE OF JOHN L. BURRIS**

Dated: October 6, 2016           /s/ *John L. Burris*
**John L. Burris**
Attorneys for Plaintiffs
WILLIAM MANN, SR., et al.