Bruce D. Praet SBN 119430
**FERGUSON, PRAET & SHERMAN**
A Professional Corporation
1631 East 18th Street
Santa Ana, California  92705-7101
(714) 953-5300 telephone
(714) 953-1143 facsimile
bpraet@aol.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MANN, SR., an individual; and ROBERT MANN, DEBORAH MANN, and VERNADINE MURPHY MANN, as Co-Administrators of the Estate of JOSEPH MANN,<br><br>           Plaintiffs,<br><br>v.<br><br>CITY OF SACRAMENTO, a municipal corporation; JOHN TENNIS, in his individual and official capacity as Police Officer for the CITY OF SACRAMENTO; RANDY LOZOYA, in his individual and official capacity as Police Officer for the CITY OF SACRAMENTO; and DOES 1-50, inclusive, individually and in their official capacity as police officers for the City of Sacramento,<br><br>           Defendants. | No.  2:16-cv-01847-WBS-DB<br><br>**STIPULATION AND PROTECTIVE ORDER** |

**1.      PREFATORY STATEMENT.**

Although the operative Second Amended Complaint in this matter was only filed on October 6, 2016 [Doc. 12] and Defendants have only filed their initial Answer as of October 10, 2016 [Doc. 13], the parties and their respective counsel seek to enter into confidential outside mediation at the earliest mutually available opportunity (hopefully within the next 3-6

1

1  months). The underlying officer-involved shooting giving rise to this litigation occurred on July
2  11, 2016, and is currently under review by the Sacramento County District Attorney as well as
3  ongoing administrative review by the Sacramento Police Department. Plaintiffs have also
4  contacted the United States Department of Justice to review the incident.

5        While the parties recognize the need to maintain the integrity of these independent
6  reviews of this incident by not publicly disclosing ongoing aspects of the investigation/files, the
7  parties further acknowledge that meaningful mediation cannot take place unless all parties have
8  the opportunity to review the existing and ongoing investigation/files. In order to facilitate such
9  review, the parties stipulate and seek a Protective Order which will allow all parties to exchange
10 documents and files labeled as "confidential" while continuing to limit the disclosure and use of
11 such "confidential" materials exclusively to the parties and their authorized representatives and
12 counsel for the duration of this Protective Order.

13       This Court has currently set this matter for a Scheduling Conference on December 19,
14 2016, at 1:30 p.m., at which time dates will be set for initial disclosures, discovery cut-off and
15 other pertinent matters. While the parties recognize and acknowledge that some of the
16 "confidential" materials covered under this Protective Order may eventually become subject to
17 disclosure through discovery or other aspects of this litigation and thus no longer subject to this
18 Protective Order, duplicate copies of such materials shall be produced without any "confidential"
19 label and will thereafter be subject to the normal parameters of discovery and the Federal Rules.

20       **2.**      <u>**PARTIES SUBJECT TO PROTECTIVE ORDER.**</u>

21       It is the intent of the parties that the materials and information covered by
22 this Protective Order shall include, but not be limited to, all parties whether individually and/or in
23 a representative capacity and all counsel (including all attorneys, staff, consultants, experts,
24 representatives, employees and members of each respective law firm). In the event that anyone
25 covered by this Protective Order has cause to release any information or materials covered by this
26 Protective Order in any form, whether verbally, by copy, electronically or any other method, the
27 receiving individual/entity shall first be required to execute an acknowledgement and agreement
28 to be bound by the terms of this Protective Order.

It is further the intent of the parties and counsel that any information/materials released under the Protective Order shall be expressly excluded from release in any form to the media, members of the public or any other individual(s), group or entity not expressly authorized by this Protective Order to receive, review or otherwise become privy to such information/materials.

It is further the intent of the parties and counsel that any and all information/materials disclosed under the terms of this Protective Order shall be for the limited purpose of preparing for and participating in confidential mediation between the parties and for no other purpose.

In the event that any receiving party receives a request for access to any materials/information covered by this Protective Order, including a subpoena, such party shall promptly (but in no case beyond five days of receipt of such request) notify the designating party of such request. Under no circumstance shall any receiving party release in any form any materials/information covered by this Protective Order without first timely notifying the designating party and engaging in meaningful meet and confer efforts to address such a request. In the event that the parties are unable to informally resolve any such issues, either party may seek judicial intervention pursuant to the Local Rules pertaining to discovery disputes.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION.**

Whether any materials/information are at any time disclosed through the normal course of discovery, public records or any other lawful process or source, materials and information marked or designated as "confidential" and disclosed under the terms of this Protective Order shall not be reproduced, released or otherwise distributed in any form outside of the terms of this Protective Order.  The confidentiality obligations imposed by this Protective Order shall continue to apply to such materials/information even after the final disposition of this litigation.  Upon settlement of this matter by way of mediation or other final disposition of this matter, the receiving party, counsel and all recipients of designated materials shall promptly destroy all originals and copies in all forms or return such designated copies and originals to the designating party.  All receiving parties, counsel and representatives of such designated materials/information shall further prohibited from utilizing or relying upon any designated materials in any future litigation or other matters.

However, the parties recognize and agree that in the event any such materials/information are subsequently obtained through the normal course of discovery, public records or any other lawful process or source, such materials/information (not labeled "confidential") shall thereafter become subject to release under the Federal Rules and other applicable authorities.

**5.    MATERIALS PROTECTED.**

Any party/counsel producing materials/information subject to this Protective Order shall affix "confidential" to each page of the designated documents.  With respect to any materials produced electronically, including but not limited to photographs, video and audio recordings, the designating party shall label the disk, thumb drive or other storage form as "confidential" with the understanding and agreement that all materials and information contained on such device shall be covered by the terms of this Protective Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

4

burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2      Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3      Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality, (in compliance with Civil Local Rule 141, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent

declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

### 7. ENFORCEMENT.

The terms of this Protective Order are authorized by *F.R.Civ.P., Rule 26* and Shall be enforced as an Order of the Court as to all parties, counsel and other recipients of any designated materials/information.

Dated:  November 7, 2016            FERGUSON, PRAET & SHERMAN
                                                            A Professional Corporation


                                                    By:     /s/ Bruce D. Praet_____
                                                            Bruce D. Praet, Attorneys for
                                                            Defendants


Dated:  November 7, 2016            Law Offices of John L. Burris


                                                    By:     /s/ Melissa Nold_____
                                                            Melissa Nold, Attorneys for
                                                            Plaintiffs


////

////

6

**O R D E R**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth *the statutory or other authority for sealing*, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b) (emphasis added).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016), petition for cert. filed, ___ U.S.L.W. ___ (U.S. March 24, 2016) (No. 15-1211); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an *ex parte* basis or on shortened time.

////

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

Dated: November 9, 2016

Dated: November 9, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/mann1847.stip.prot.ord

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ in the case of *Mann v. City of Sacramento;* 2:16-cv-01847-WBS-DB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. In addition, no archival copies, information contained or referenced therein that constitute Protected Material may be disclosed, released or relied upon or incorporated into any other matter outside the terms of this Protective Order without written permission of the Designating Party.  I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____