JOHN L. BURRIS, Esq. SBN 69888
ADANTÉ D. POINTER Esq. SBN 236229
MELISSA C. NOLD, Esq. SBN 301378
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile:   (510) 839-3882
john.burris@johnburrislaw.com
adante.pointer@johnburrislaw.com
melissa.nold@johnburrislaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MANN SR., an individual; and ROBERT MANN, DEBORAH MANN, and VERNADINE MURPHY MANN, as Co-Administrators to the Estate of JOSEPH MANN, <br><br>Plaintiffs, <br>      v. <br><br>CITY OF SACRAMENTO, a municipal corporation; JOHN TENNIS, in his individual and official capacity as Police Officer for the CITY OF SACRAMENTO; RANDY LOZOYA, in his individual and official capacity as Police Officer for the CITY OF SACRAMENTO; and DOES 1-50, inclusive, individually and in their official capacity as police officers for the City of Sacramento, <br><br>                Defendants. | CASE NO.:  2:16-cv-01847-WBS -DB <br><br>**JOINT INITIAL CASE MANGEMENT CONFERENCE STATEMENT** <br><br>Date:    December 19, 2016 <br>Time:   1:30 p.m. <br>Judge:  Honorable William B. Shubb <br>             United States- Eastern District <br>             Courtroom 5, 14th Floor <br>             501  I -  Street <br>             Sacramento, CA 95814 |

# 1. JURISDICTION AND SERVICE

This action arises under Title 42 of the United States Code § 1983.  Jurisdiction is conferred pursuant to Title 28 of the United States Code §§1331 and 1343.  Jurisdiction and venue are not in dispute.  All parties have been served and answered.

# 2.  FACTS

<u>Plaintiff's Statement:</u>

On July 11, 2016, at approximately 9:30 a.m., Decedent Joseph Mann was wandering around the Del Paso Boulevard area of Sacramento, when a yet-to-be-identified person called 911 and reported a man carrying a gun. It is unclear whether or not the 911 caller was falsely reporting that Decedent Mann had a gun or if the Officers failed to locate the gun wielding man, after focusing their attention on Decedent Mann.

City of Sacramento Police Officers John Tennis, Randy Lozoya and other yet-to-be-identified officers were dispatched to the area and contacted Decedent Mann. Decedent Mann did not have a gun. However, he was displaying overt signs of being in the midst of a mental health crisis.  For example, Decedent Mann was doing karate moves and zigzagging back and forth across the street as he tried to walk away from the Officers.

As Officers Tennis and Lozoya rode in their patrol cars aggressively hunting Mr. Mann down like a wild animal, police dispatch audio recordings captured the two Officers discussing their intent to try to hit Mr. Mann with their patrol cars.  Shockingly, none of the other Officers who were present or who overheard the Officer Tennis and Lozoya's conversation advised them to stand down and/or abandon the felonious and potentially murderous plot.

Officers Tennis, Lozoya and other yet-to-be-identified officers violated their training and established police protocol to maximize time and space in incidents such as these. Inexplicably, the Officers failed to contact any mental health counselors, make an attempt to use less than lethal force or deescalate the situation.  Apparently frustrated by their inability to run Mr. Man over with their patrol vehicles, they abandoned their positions of safety behind the vehicles and ran straight toward Decedent Mann, provoking an unnecessary close range confrontation and immediately opened fire approximately 27 feet away from Mr. Mann. By engaging in such poor tactics, the Officers' effectively squandered the time, opportunity and

distance they are trained to maintain in order to bring situations like this to a conclusion without having to resort to deadly force.

Tragically, Officers Tennis and Lozoya shot Decedent Mann at least sixteen (16) times, tattooing him from heel to chest with gunshot wounds as he feebly attempted to leave the scene. Decedent Joseph Mann died as a result of the Officers' poor tactics and unwarranted use of excessive force.

Defendants' Statement:

Defendants agree that the Sacramento Police Department received multiple 911 calls on the morning of July 11, 2016, reporting that a male black subject was brandishing a knife and a gun in the neighborhood adjoining the downtown business district.  Given that several witnesses pointed out Joseph Mann (decedent) to arriving officers, there is no doubt that officers were dealing with the right person.  Whether Mr. Mann managed to discard the reported gun prior to officers' arrival or several eyewitnesses were mistaken, it is also true that no gun was ever located in the subsequent investigation.

As several officers began to "shadow" Mr. Mann as he ran and walked toward a busy business district, Mr. Mann would periodically face the officers while waving a large knife at them.  Despite ongoing requests for him to "stop" and simply "put the knife down", Mr. Mann continued his aggressive posturing as he advanced toward several businesses.  As Mr. Mann drew dangerously close to several open businesses, officers realized that they could not permit him to create a hostage situation or harm innocent civilians.  When Mr. Mann again took an aggressive stance while brandishing his large knife toward officers, Officers Tennis and Lozoya approached him to take him into custody and prevent harm to the public.  However, when Mr. Mann refused to drop the weapon he was pointing at officers, both officers were compelled to respond with deadly force.

Whether Mr. Mann's aggressive behavior was the result of some undiagnosed mental illness or the methamphetamine he had ingested, his ongoing defiance and aggression was not about to end without some intervention by officers tasked with protecting the nearby public.

JOINT INITIAL CASE MANGEMENT CONFERENCE STATEMENT

**3. LEGAL ISSUES**

- Whether defendants were deliberatively indifferent under the Fourteenth Amendment;
- Whether defendants used excessive force under the Fourth Amendment;
- Whether defendants are entitled to qualified immunity;
- Whether defendants committed any tort upon the plaintiff;
- Whether the Sacramento Police Department engages in a custom or practice that caused Plaintiff to suffer any constitutional violation(s) – <u>Monel</u> theory of liability
    - practice of ratifying unlawful deadly force by its officers;
    - failing to adequately train its officers to properly bring persons with "edge weapons/knives" into custody without using unreasonable force
    - failing to adequately train its officers to properly bring persons who are experiencing mental crisis into custody without using unreasonable force
    - policy and/or practice of permitting Officers who are unfit for duty to remain employed, armed and in contact with the general public
    - policy and/or practice of permitting officers to use a vehicle as a deadly weapon

<u>Defendants' Statement of Legal Issues</u>:

- Defendants agree that the threshold question will be the objective reasonableness of the use of force under the totality of the circumstances as to any Fourth Amendment survival claim brought by two of his siblings who are otherwise not parties in their own individual capacities.
- Defendants also agree that the only question with respect to the sole individual Plaintiff (decedent's father) will be whether officers were deliberately indifferent so as to interfere with any "familial relation" with decedent.

JOINT INITIAL CASE MANGEMENT CONFERENCE STATEMENT

PG. 4

The Law Offices of John L. Burris
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200

- Defendants agree that qualified immunity will be a legal issue.
- Defendants assert that a lack of any individual constitutional violation will preclude all potential *Monell* claims against the City.

### 4. MOTIONS/ PROCEDURAL HISTORY

<u>Plaintiff's Statement:</u> There are no pending motions.

<u>Defendants' Statement:</u>  Given that the parties have voluntarily resolved preliminary standing issues through amended pleadings, there are no pending motions.  Defendants, however, may consider a summary judgment as discovery progresses.

### 5. AMENDMENT OF PLEADINGS

<u>Plaintiff's Statement:</u> Plaintiff does not anticipate making any further amendments to the pleading subject to ongoing discovery.

<u>Defendants' Statement:</u>  Defendants do not anticipate any amendments.

### 6. EVIDENCE PRESERVATION

<u>Plaintiff's Statement:</u> Plaintiff has acted to preserve evidence.

<u>Defendants' Statement:</u> Defendants have preserved all known evidence.

### 7. DISCLOSURES

The parties have not exchanged initial disclosures but anticipate doing so prior to the Initial Case Management Conference.

### 8. DISCOVERY

<u>Plaintiff's Statement:</u>  The parties have a temporary Protective Order in this matter, for the purpose of engaging in mediation. Defendants have agreed to produce certain protected documents prior to the Mediation. Plaintiffs intend to propound written discovery, take

depositions, inspect certain items of evidence and conduct expert discovery.

Defendants' Statement: The Court has already issued the temporary Protective Order designed to facilitate early mediation and Defendants may seek modification or replacement of the existing Protective Order in discovery if the matter does not settle in mediation.  Defendants anticipate written discovery and depositions, but do not believe that there will be any need to deviate from the federal limits on discovery.

## 9. CLASS ACTIONS

Not applicable.

## 10. RELATED CASES

Not applicable

## 11. RELIEF

Plaintiff's Statement:

1. Plaintiff prays for general, special and punitive damages as well as reasonable attorney's fees according to proof.  Plaintiff further prays for injunctive relief enjoining Defendant City from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant from using excessive and unreasonable force against persons and for any other further relief as the Court deems just and proper.

Defendants' Statement:  Defendants deny all liability and will seek to limit damages, if at all, to those parties with standing and according to the evidence.  Defendants do not believe that future applications of force can be enjoined.  *Los Angeles v. Lyons, 103 S.Ct. 1660 (1983).*

**12. SETTLEMENT AND ADR**

Parties are scheduled to voluntarily participate in private mediation on January 26, 2017. In the event that the matter does not settle at private mediation, the parties will remain open to further settlement options as discovery continues.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Plaintiff declined consent for a Magistrate Judge.

**14. OTHER REFERENCES**

<u>Plaintiff's Statement</u>: N/A

<u>Defendants' Statement</u>: N/A

**15. NARROWING OF ISSUES**

The parties have already informally discussed various standing issues which have been voluntarily resolved through amendments to the pleadings. The issues may be further narrowed or disposed of by motions for summary judgment and/or adjudication. The parties currently have no suggestions for expediting presentation of evidence at trial, but will reconsider that possibility after the case becomes more defined as it approaches trial.

**16. EXPEDITED TRIAL PROCEDURE**

The parties do not believe an expedited schedule is appropriate.

**17. SCHEDULING**

| | |
|---|---|
| Fact Discovery Cut-off | March 1, 2018 |
| Expert Disclosures | March 19, 2018 |
| Expert Rebuttal Cut-off | April 2, 2018 |

JOINT INITIAL CASE MANGEMENT CONFERENCE STATEMENT

| | |
|---|---|
| Expert Discovery Cut-off | April 30, 2018 |
| Dispositive Motion Hearing Deadline | May 29, 2018 |
| Pre-trial Conference | September 11, 2018 |

## 18. TRIAL

Jury trial                                                  October 10, 2018

## 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Each such party hereby restates that as of this date, other than the named parties, there is no such interest to report.

## 20. MISCELLANEOUS

None.

Dated:  December 5, 2016                **LAW OFFICES OF JOHN L. BURRIS**

                                        By: */s/ Melissa C. Nold*
                                        MELISSA C. NOLD
                                        ATTORNEY FOR PLAINTIFF

Dated:  December 5, 2016                FERGUSON, PRAET & SHERMAN

                                        By: */s/Bruce D. Praet*
                                        BRUCE D PRAET,
                                        ATTORNEY FOR DEFENDANTS

JOINT INITIAL CASE MANGEMENT CONFERENCE STATEMENT

The Law Offices of John L. Burris
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200